PEOPLE, PLAINTIFF AND APPELLEE, v. RAMÍREZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in a Prosecution
for Breach of Peace.

No. 1487.—Decided April 12, 1920.

BREACH OF PEACE—COMPLAINT.—A complaint for a breach of the peace against
several defendants, which does not specify the words uttered by each indi-
vidual defendant, but charges them all with scandalous behavior in abusing
each other and uttering certain words clearly indecent within the hearing of
women and children, is sufficient. If the defendants had any right it was to
move that the complaint be made more specific and the exercise of that right
for the first time on appeal is too late. *People* v. *París*, 25 P. R. R. 103.

ID.—DISCRETION OF COURT—APPEAL.—When several defendants are convicted and
the court, in the exercise of its discretion, sentences some of them to a more
severe punishment than the others, the Supreme Court will not interfere with
the judgment unless a clear abuse of discretion by the lower court is shown.

The facts are stated in the opinion.

*Mr. A. Fiol Negrón* for the appellants.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Pedro Díaz, a policeman, made a complaint against María
Luisa Chiclani, Emilia Ramírez and María Teresa Rivera,
charging that at a certain time and place they wilfully and
maliciously committed a breach of the peace by quarreling
and abusing each other and using indecent language within
the hearing of women and children. The expressions used
were quoted in the complaint. In the district court María
Luisa Chiclani pleaded guilty and was sentenced to twenty
days in jail. The other two defendants were brought to
trial and after an examination of the evidence the court
found them guilty of a breach of the peace and sentenced
each of them to ninety days in jail.

Only the *fiscal* appeared at the hearing on the appeal,
but the appellants filed a pleading styled a "Demurrer" in
which it is alleged that the complaint does not charge the
defendants with the commission of a public offense because

it does not specify the indecent language uttered by each of them.

The contention of the appellants is without merit. Although the complaint does not actually particularize the words uttered by each of the individual defendants, it charges them all with scandalous behaviour in abusing each other and uttering certain indecent words within the hearing of women and children. And the commission of that act by all clearly constitutes one of the phases of the offense defined and penalized by section 368 of the Penal Code.

If the defendants had any defense it was perhaps to move the court that the complaint be made more specific as to them, and that right can not be exercised for the first time on appeal. *People v. Paris,* 25 P. R. R. 103.

The appellants also contend that the court erred in imposing unequal sentences upon the defendants for the same offense. The court had discretion to grade the punishment and only in case of an abuse of that discretion will its judgment be disturbed. It has not been shown that any such abuse was committed in this case.

Besides, in this particular case the reason for the unequal sentence is explained. The defendant who pleaded guilty was sentenced to twenty days in jail and the others, who were convicted after trial, to ninety days. In the first case the court based its action solely on the complaint, while in the second case the court was influenced not only by the complaint, but also by the evidence examined, which does not appear in the transcript of the record. It must be presumed, then, that in setting out all the details of the offense committed by the defendants the evidence showed that it was more serious than it at first appeared and required the imposition of the maximum penalty by the court.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.